```
                    UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x
                                 :
BARBARA JOHN,                    :  No. 3:14CV1484(RNC)
                                 :
            Plaintiff,           :
                                 :
       vs                        :
                                 :
BRIDGEPORT BOARD OF EDUCATION,   :
    ET AL,                       :
                                 :  HARTFORD, CONNECTICUT
            Defendants.          :  JANUARY 7, 2016
                                 :
- - - - - - - - - - - - - - - - x


                      TELEPHONE CONFERENCE


      BEFORE:

            HON. ROBERT N. CHATIGNY, U.S.D.J.




APPEARANCES:

   FOR THE PLAINTIFF:

         LAW OFFICE OF RICHARD C. GORDON
             27 E. Raymond Street, 3rd Floor
             Suite 212
             Hartford, Connecticut 06112
         BY: RICHARD C. GORDON, ESQ.

   FOR THE DEFENDANTS:

         SHIPMAN & GOODWIN
             One Constitution Plaza
             Hartford, Connecticut 06103-2819
         BY: CLARISSE NICOLE THOMAS, ESQ.


                                    Darlene A. Warner, RDR-CRR
                                    Official Court Reporter
```

1                          10:00 A.M.

2

3           THE COURT REPORTER:  Good morning, Judge
4  Chatigny has joined the conference.  Please state your
5  appearances.
6           MR. GORDON:  Richard Gordon for the plaintiff.
7           MS. THOMAS:  Clarisse Thomas for the defendants.
8           THE COURT:  Good morning.
9           MR. GORDON:  Good morning, Judge.
10          MS. THOMAS:  Good morning, Your Honor.
11          THE COURT:  This is a telephone call to address
12 the pending motion to dismiss.  You'll have an opportunity
13 to make whatever additional preparations you would like to
14 make beyond what you have given me in writing.
15          Ms. Thomas, is there anything you'd like to add
16 to your papers?
17          MS. THOMAS:  Yes, Your Honor.  Specifically
18 concerning the plaintiff's Title VII and CFEPA claims.
19          I just want to bring it to the Court's attention
20 that the amended complaint repeatedly makes allegations
21 about the Bridgeport Board of Education engaging in a
22 policy or practice of promoting younger white males to
23 positions.  But in light of this theory, the plaintiff
24 needs to make sufficient allegations to establish that,
25 and so the plaintiff needs more than just one single

1    isolated incident to establish a policy or practice.  And
2    there is -- I cited to case law in support of that in the
3    reply brief.
4              The other thing I just wanted to add is that he
5    hasn't alleged anything that would show that the decision
6    to not select her for the director of health physical
7    education and athletics position was somehow based on
8    discriminatory animus.  For example, Your Honor:  She
9    doesn't allege that any of the defendants ever made any
10   comments regarding her race, gender or age; she doesn't
11   identify any other African American women who may have
12   applied for the director position and were not selected.
13             So in essence, all we have is a complaint that
14   fails to satisfy the Ashcroft v. Iqbal standard of facts
15   pleading, and I would just say specifically that plaintiff
16   is not -- she has not alleged any facts that would allow
17   the Court to draw a reasonable inference that Bridgeport
18   Board of Education is somehow liable for any purported
19   misconduct.
20             THE COURT:  Okay.
21             MS. THOMAS:  And that's all I wanted to say at
22   least with respect to those claims, Your Honor.
23             And as for the remaining claims and the other
24   counts, Counts One, Three, Six and Seven, I would just
25   rest on my papers unless the Court has additional

1    questions.
2             THE COURT:  All right, thank you.
3             Mr. Gordon, anything you'd like to add?
4             MR. GORDON:  Yes, Your Honor.  Only in response
5    to the defendants' brief, they essentially allege that
6    Ms. John has resurrected a lawsuit which she had
7    originally filed back in 2009 and which was dismissed on
8    summary judgment.  That is an inaccurate statement, Your
9    Honor.
10            That is, Ms. John's complaint, both the
11   complaint and the amended complaint in the instant case
12   simply uses or used the 2009 action analogously and also
13   to show that the City of Bridgeport and the Board of
14   Education continued to discriminate against her.
15            This particular action is dealing with the
16   specific act that occurred on or around August of 2012, I
17   believe.  That's when the promotion decision was made by,
18   I think Dr. Vallas and the plaintiff was denied the
19   position that she sought.
20            I'd also like to add, Your Honor, by way of
21   redirecting Ms. John's allegations to the fact that it is
22   very clear here that Ms. John was more qualified than the
23   person the defendants subsequently hired.  She had decades
24   more experience than he did and she was not hired for the
25   position.

1          In addition to that, she was also certified with
2     respect to the position that was advertised.  The
3     gentleman that was hired was not certified, and I believe
4     that flies in the face of the policy of the Board of Ed.
5     Essentially he had not yet accomplished or received a
6     certification with respect to the position at or around
7     the time that he was hired while Ms. John was already
8     certified, and she remains certified today.
9               THE COURT:  All right.  As I understand it then,
10    the core of this case is the claim that the denial of the
11    promotion in 2012 violated Title VII, and that's really
12    the heart of the case, is that right, Mr. Gordon?
13              MR. GORDON:  Yes, Your Honor.
14              THE COURT:  Okay.  Given that you have that as
15    the core claim in the case, why do we have all these other
16    claims?  What purpose do they serve?
17              MR. GORDON:  You're speaking of Section 1981,
18    Your Honor?
19              THE COURT:  1981, 1983, the CFEPA claims.
20              It seems to me that Title VII provides an
21    individual in the position of this plaintiff with a more
22    than adequate remedy.  I don't understand why counsel --
23    and please understand, I'm not being critical of you
24    personally, Mr. Gordon -- but I don't understand why
25    counsel seem to feel a need to add all these duplicative

1   claims which gave rise to motions to dismiss and result in
2   the need for counsel to respond to the motion and -- I
3   just -- it just seems to me that if the problem here is
4   the failure to promote in 2012 and Ms. Jones feels that
5   she was denied the promotion because of her race, why not
6   simply plead a Title VII claim and be done with it?
7           MR. GORDON:  I understand your concern, Your
8   Honor, and with the Court's permission, I would withdraw,
9   if need be in writing, those subsequent claims, Your
10  Honor.
11          THE COURT:  I think that makes sense.  I think
12  it helps move the case along while saving time and money
13  for all concerned.
14          MR. GORDON:  I understand, Your Honor; and as I
15  said, with the Court's permission, I could certainly
16  withdrawal with respect to those claims today.
17          THE COURT:  Well, I appreciate the offer.  I can
18  deem the claims withdrawn.  You don't need to go to the
19  trouble of filing anything.
20          MR. GORDON:  Okay, Your Honor.
21          THE COURT:  With regard to the Title VII claim,
22  the defendants argue that the allegations are insufficient
23  to satisfy the applicable pleadings standard under Iqbal
24  and Twombly, but since the defendants submitted their
25  motion, the Second Circuit has clarified that the burden

of pleading a Title VII discrimination claim does not require the plaintiff to do more than the plaintiff has done here. Specifically, the Second Circuit has said that it's enough if the allegations of the complaint suggest that discrimination may have been a factor, and in a failure to promote case where the plaintiff says she was better qualified and offers some specific factual allegations to support her position, that's sufficient.

So I think that the plaintiff has adequately pleaded Title VII failure to promote claim based on her allegations concerning the non-promotion in 2012 under the Second Circuit's most recent formulation of the pleadings standard.

I'm referring specifically to the cases of Littlejohn v. the City of New York, which is reported at 795 F.3d 297 and Vega v. Hempstead Union Free School District, reported at 801 F.3d 72.

In the failure to promote context, the Court has said that an inference of discrimination can be raised if the plaintiff shows that she was qualified for the position and had greater or comparable seniority to the person who was given the position; and the cite I would provide there is I believe Broich v. The Village of South Hampton at 462 Federal Appendix 39.

Here the plaintiff alleges that the position was

1     given to a younger white male who had less experience and
2     seniority and lacked her certification.  So I think she's
3     met her burden to plead facts permitting the inference of
4     discrimination required to support her claim.
5               Going forward then, it's my understanding that
6     the case will be limited to the Title VII failure to
7     promote claim, and with that in mind, let me ask you to
8     focus on who is the proper defendant.
9               The plaintiff has sued the board as well as the
10    city and a number of individuals.  The individuals are not
11    subject to liability under Title VII, so they would go out
12    of the case, but we would be left with the board and the
13    city.
14              On that note, Ms. Thomas, who do you think is
15    the right defendant for the Title VII claim?
16              MS. THOMAS:  Your Honor, that would be the
17    Bridgeport Board of Education, and I don't think that
18    there's any dispute about that because the amended
19    complaint repeatedly refers to the Bridgeport Board of
20    Education as her employer.
21              So the City of Bridgeport should not be in the
22    case.
23              THE COURT:  Mr. Gordon, as I understand the
24    situation, you don't need the city as a defendant in the
25    case; and, more fundamentally, I don't see a basis for

1   municipal liability against the city.  If your concern is
2   that her proper employer is the city, it's my
3   understanding that her actual employer is the board.
4              Is that right, Ms. Thomas?
5              MS. THOMAS:  Yes, Your Honor.
6              MR. GORDON:  Well, Your Honor, I brought Count
7   Number Three.  I believe it was a Monell claim -- not
8   Monell, but Section 1983 -- primarily against the
9   individual defendants in this case knowing full well that
10  they would be covered, so to speak, by the City of
11  Bridgeport Board of Ed and the city.  I could easily
12  strike that also, Your Honor, and relegate the case to a
13  simple Title VII claim.
14             THE COURT:  I think that makes sense.  I think
15  that what we have here is best handled as a Title VII
16  claim against the Board of Education based on the
17  non-promotion in 2012; and if we're in agreement about
18  that, then I can deem the other claims withdrawn and we'll
19  proceed on the Title VII claim against the Board of
20  Education.
21             MR. GORDON:  That's fine, Your Honor.
22             MS. THOMAS:  Your Honor, just a point of
23  clarification:
24             Count Four was the CFEPA claim.  I'm assuming
25  that's withdrawn as well, and the only claim that's

1    remaining is Count Two, which is a Title VII claim.
2             THE COURT: Correct.
3             MR. GORDON: Yes.
4             THE COURT: All right. Having addressed the
5    motion to dismiss, let me ask you to turn your attention
6    to what we need to do going forward to try to promote a
7    just, speedy and inexpensive resolution of the case.
8    Specifically, what do you think you need to do with regard
9    to discovery?
10            MR. GORDON: Your Honor, I have completed my
11   interrogatories that I will be propounding on the
12   defendants. I will have to make some minor adjustments in
13   light of what we agreed to here this morning in addition
14   to the production request.
15            I think the thing , Your Honor -- and I don't
16   know if plaintiff -- well, I'm sure she will disagree --
17   that given the straightforward nature of this case, I
18   would request, with her approval of course, Your Honor,
19   going to mediation before a magistrate judge to see if we
20   can sort through this matter to bring a just and speedy
21   end to it. But in the next couple of days, I will be
22   sending out the interrogatory requests and production
23   requests, Your Honor.
24            THE COURT: Okay. Has a tailored scheduling
25   order been entered in this case?

1          MS. THOMAS:  No, Your Honor.

2          THE COURT:  Did you submit a 26(f) report?

3          MS. THOMAS:  No, Your Honor.

4          THE COURT:  Okay.  Would the board be interested

5  in a mediation session with the magistrate judge?

6          MS. THOMAS:  I need to follow up with the client

7  on that, so in terms of my timing and availability to do

8  that, I have a deposition tomorrow and I will have a

9  family medical issue on Monday and Tuesday, so I will

10 reach out to the client today, but I probably won't have a

11 response to that until probably the end of next week.

12         THE COURT:  Okay.  Well, I appreciate your

13 attention to that; and if the board is agreeable, then

14 what I would do is I would refer the case to the

15 magistrate judge for a settlement conference and entry of

16 a tailored scheduling order in the event the case does not

17 settle.

18         MR. GORDON:  That's fine, Your Honor.

19         MS. THOMAS:  Thank you, Your Honor.

20         THE COURT:  All right.  Please let me know as

21 soon as you do whether the board is willing to attempt a

22 settlement at this time, and as soon as we hear from you,

23 if the board is interested, we'll make the referral to the

24 magistrate judge.

25         MS. THOMAS:  All right.

1                THE COURT:  Thank you both.
2                     (Proceedings adjourned at 10:25 a.m.)

```
 1                      C E R T I F I C A T E

 2

 3              In Re: JOHN vs. BRIDGEPORT

 4

 5

 6         I, Darlene A. Warner, RDR-CRR, Official Court

 7    Reporter for the United States District Court for the

 8    District of Connecticut, do hereby certify that the

 9    foregoing pages are a true and accurate transcription of

10    my shorthand notes taken in the aforementioned matter to

11    the best of my skill and ability.

12

13

14

15
                     /s/_____
16
                     DARLENE A. WARNER, RDR-CRR
17                      Official Court Reporter
                     450 Main Street, Room #223
18                   Hartford, Connecticut 06103
                          (860) 547-0580
19

20

21

22

23

24

25
```

1                       C E R T I F I C A T E

2

3         In Re: THE PLAINTIFF     vs. THE DEFENDANT

4

5

6              I, Darlene A. Warner, RDR-CRR, Official Court

7    Reporter for the United States District Court for the

8    District of Connecticut, do hereby certify that the

9    foregoing pages are a true and accurate transcription of

10   my shorthand notes taken in the aforementioned matter to

11   the best of my skill and ability.

12

13

14

15
                    /s/_____
16
                     DARLENE A. WARNER, RDR-CRR
17                     Official Court Reporter
                     450 Main Street, Room #223
18                   Hartford, Connecticut 06103
                          (860) 547-0580
19

20

21

22

23

24

25