UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| BARBARA JOHN | : | NO:  3:14-cv-01484 (RNC) |
| Plaintiff | : | |
| | : | **PLAINTIFF'S *NUNC PRO TUNC*** |
| | : | **MOTION  TO COMPEL ANSWERS TO** |
| | : | **HER FIRST SET OF** |
| | : | **INTERROGATORIES, PRODUCTION** |
| V. | : | **REQUEST, AND TO COMPEL** |
| | : | **DEPOSITIONS** |
| | : | |
| | : | |
| BRIDGEPORT BOARD OF EDUCATION | : | |
| | : | |
| Defendants. | : | September 2, 2016 |
| | : | |

_____

### PLAINTIFF'S *NUNC PRO TUNC* MOTION TO COMPEL ANSWERS TO HER FIRST SET OF INTERROGATORIES, AND PRODUCTION REQUEST AND TO COMPEL DEPOSITIONS.

**COMES NOW THE PLAINTIFF**, Barbara John by and through counsel moves pursuant to Rules 26, 33, 34, 37 of the Federal Rules of Civil Procedure, and CT Local Rule 7 for an Order Compelling Defendant Bridgeport Board of Education (hereinafter, BBE) to answer Interrogatories, provide Production of Documents, and to Compel Depositions.

Plaintiff's first set of Interrogatories and Request for Production was served on Defendant Bridgeport Board of Education on around June 16, 2016. **[Exhibit # 1, Plaintiff's Interrogatories, dated June 16, 2016] and [Exhibit # 2, Plaintiff's Production Request to Defendant, dated June 16, 2016] and  [Exhibit # 3, page 2 of Email from Daniel Schwartz, dated July 22, 2016]** The Plaintiff's Interrogatories and Production Request was answered and documents produced on July 29, 2016.  **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016] and [Exhibit # 5, Defendant's Response to Plaintiff's Production Request, 69 pages]**

### a.  The Defendant has Obstructed the Plaintiff's Depositions

The Depositions have not been completed based upon objection by the Defendant.  Although the parties have conferred on the persons to be deposed, the Defendant maintains that the prospective deponents are irrelevant to the case pleaded by the Plaintiff.

The Defendant objects to the Plaintiff's list of prospective deponents on the basis that "the Plaintiff's case is simply a 'failure to promote,'" rather than the fact that the Plaintiff's pleaded Title VII discrimination on the basis of race, color, gender, age for the failure to promote her, in addition to retaliation.  **Ct. Doc. # 36, Amended Complaint.  [Exhibit # 6, Ct Transcript with U.S.D.J Chatigny, dated January 7, 2016 P. 5. L. 9-25, P.6, L. 1-6].**  The entire factual portion of the Plaintiff's Amended Complaint evidences the fact that the Plaintiff brought her complaint on the basis of race, color, age, sex and retaliation.  The Plaintiff also alleged that the Defendant maintained a hostile work environment.  The Plaintiff maintains that the Defendant's intention with respect to completion of the depositions is intended solely to "run out the clock" with respect to discover, which they knew was scheduled to close on September 2, 2016

The Plaintiff's depositions are incomplete because the Defendant has failed to answer the Plaintiff's Interrogatories, and has wholly failed to comply with the Plaintiff's Request for Documents.  The defendant has simply provided a stack documents that are marked by their internal marking, without itemization, or any indication as to which document is responsive to Plaintiff's specific Production Request.

To date, the Plaintiff has engaged in two depositions, her own on July 13, 2016 and Teresa Carroll's, Deputy Superintendant of Bridgeport Schools on August 29, 2016.  On July 22, 2016, the Plaintiff served eight deposition notices on the Defendants, by agreement, to Depose, Neil Kavey, the comparator and person who was awarded the position the Plaintiff had applied for in March 2012; Ms. Yeager, Defendant BBE's Human Resources Director at the time of the interview (March 2012) had also informed the Plaintiff and others that "without the requisite certifications for the position, no candidate should even receive an invitation to interview for the position."  The Plaintiff could not effectively examine Ms. Carroll, or any of the prospective deponents without compete answers to the Plaintiff's Interrogatories and Production Request.

After Ms. John's deposition which was held on June 13, 2016, Plaintiff requested that Defendant Counsel, Daniel Schwartz accept notice on behalf of the deponents. The conversation was not transcribed, and Mr. Schwartz refused to accept any of the notices, except Ms. Carroll,

on the basis that none of the other deponents were employed by the Bridgeport Board of Education, while the other deponents were irrelevant with respect to the Plaintiff's suit based on a simple "failure to promote." In essence, the Defendant has now confined the Plaintiff's case to a "failure to promote" her to the position of Director of Athletics, Health and Physical Education, absent the fact that the Plaintiff has pleaded discrimination based on race, color, sex, age, retaliation and maintenance of a hostile work environment.

Furthermore, the Defendant's email dated June 22, 2016 claims that the number of notices of depositions sent to the Defendant is outside the number of depositions the Plaintiff indicated she would take. The fact is that the joint Rule 26(f) Report of Parties Planning Meeting, dated January 19, 2016 indicated that the "Parties intended to take as few as 5 deposition and as many as 7." **Ct. Doc. 57, P. 6.** During subsequent conferral with the Defendant's counsels,' the Plaintiff offered to strike one or two of the eight persons to whom notices were produced by the Plaintiff to the Defendant, to be deposed. To date, Ms. Carroll, is the only deponent or prospective deponents who has been deposed, because of the Defendant's characterization of the Plaintiff's case as simply a "'failure to promote,' thereby rendering the Plaintiff's Title VII claim for race, color, age, sex, retaliation, and hostile work environment irrelevant." Never mind that fact that the Plaintiff's Amended Complaint is replete with references to discrimination, and the fact that the Court's specifically referencing <u>Littlejohn v. The City of New York</u>, 795 F.3d 297 and <u>Vega v. Hempstead Union Free School District</u>, 801 F.3d 72 that "an inference of discrimination can be raised if the Plaintiff shows that she was qualified for the position and had greater or comparable seniority to the person who was given the position . . . ." **[Exhibit # 6, Ct. Transcript with U.S.D.J Chatigny, dated January 7, 2016 P. 5, L. 9-25, P.6, L. 1-6].**

### b. The Defendant has Hampered the Plaintiff's Efforts to Complete Discovery

The Defendant has intentionally hampered and frustrated the Plaintiff's discovery by its failure to answer the Plaintiff's Interrogatories and Request for Documents. Because of the Defendant's intentional conduct, the Plaintiff cannot effectively question the deponents selected by the Plaintiff.

The interrogatories as well as the documents sought are critical to prove the Plaintiff's case that she was discriminated against on the basis of her race, color, age, sex, and she was retaliated against by agents of the Defendant. The interrogatories seek to establish the fact that Defendant BBE hired Mr. Kavey, who did not possess the requisite qualifications for the position of Director of Athletics, Health and Physical Education.

The Plaintiff testified at her deposition that Mr. Kavey (the Comparator) informed her that he did not possess the requisite state certifications for the position (his only certification was in counseling), while she possessed three of the four state certifications required, including a certification in administration (State code # 092); he was a student counselor, while she had worked as a coach in the school system for almost 40 years; she posses a Masters Degree, while he had not completed his Masters Degree.; and that the Plaintiff had more than a decade of seniority to Mr. Kavey, who had not coached in the school system, nor was he a physical education teacher as the Plaintiff. In fact, while on direct examination, the Plaintiff testified that "Mr. Kavey informed her that he had taught for 9 years and that he had been a school counselor for 19 years . . . ."

(i)      **Compel Depositions.**

The fact is that the Joint Rule 26(f) Report of Parties Planning Meeting filed by the parties provided that " the parties anticipate that the Plaintiff will require approximately five (5) to seven (7) depositions of fact witnesses and that the Defendants would require approximately two (2) to four (4) depositions of fact witnesses." **Ct. Doc. # 57, P. 6. Item # 4**

This discovery dispute raises the general issue of the discriminatory treatment that the Plaintiff was subjected to, as well as other similar African Americans by the Defendant BBE. The Defendant, BBE has provided 69 pages of documents, but has failed to indicate or specify which document is responsive to each request for documents. In other words, the Defendant has simply packages 69 pages with its own markings, and supplied them to the Plaintiff:

**The BBE has Wholly Resorted to Nonresponsive Boilerplate Response to the Plaintiff's Production Request.**

In this case, the Defendant has failed to advance any meaningful explanation to its

## C.  **PRAYER FOR RELIEF**

For the foregoing reasons, the Plaintiff's motion to compel the Defendant to fully answer her Interrogatories and respond documents responsive to her Production Request should be granted.

For Plaintiff Barbara John


_____/s/_____                              Dated:  September 3, 2016

Richard C. Gordon, Esq.,
 Law Office of Richard C. Gordon
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533 FAX
Therichard_06002@Yahoo.com

6

## CERTIFICATION OF SERVICE

This is to certify that a copy the foregoing will be filed electronically through the Court's Electronic Filing System on September 3, 2016 to the foregoing counsel of record:

To:

Daniel A. Schwartz, Esq
-and-
Clarisse N. Thomas, Esq.,
Shipman and Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901-3522
(860) 423-8100
(203) 324-8199
E-mail: cthomas@goodwin.com

For Plaintiff Barbara John

_____/s/_____                     Dated:  September 3, 2016
Richard C. Gordon, Esq.,
 Law Office of Richard C. Gordon
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533 FAX
Therichard_06002@Yahoo.com

7