UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA JOHN | : | NO:  3:14-cv-01484 (RNC) |
| Plaintiff | : | |
| | : | **PLAINTIFF'S *NUNC PRO TUNC*** |
| | : | **MEMORANDUM OF LAW** |
| | : | **TO COMPEL ANSWERS TO HER** |
| V. | : | **FIRST SET OF INTERROGATORIES,** |
| | : | **PRODUCTION REQUEST, AND** |
| | : | **TO COMPEL DEPOSITIONS** |
| | : | |
| BRIDGEPORT BOARD OF EDUCATION | : | |
| | : | |
| Defendants. | : | September 2, 2016 |
| | : | |

PLAINTIFF'S *NUNC PRO TUNC* MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL ANSWERS TO HER FIRST SET OF INTERROGATORIES, AND PRODUCTION REQUEST AND TO COMPEL DEPOSITIONS.

**COMES NOW THE PLAINTIFF**, Barbara John by and through counsel moves pursuant to Rules 26, 33, 34, 37 of the Federal Rules of Civil Procedure, and CT Local Rule 7 for an Order Compelling Defendant Bridgeport Board of Education (hereinafter, BBE) to answer Interrogatories, provide Production of Documents, and to Compel Depositions.

A.  **FACTUAL BACKGROUND**

(i)     **Compel Interrogatories and Production Request**

Plaintiff's first set of Interrogatories and Request for Production was served on Defendant Bridgeport Board of Education on around June 16, 2016. **[Exhibit # 1, Plaintiff's Interrogatories, dated June 16, 2016] and [Exhibit # 2, Plaintiff's Production Request to Defendant, dated June 16, 2016] and  [Exhibit # 3, page 2 of Email from Daniel Schwartz, dated July 22, 2016]** The Plaintiff's Interrogatories and Production Request was answered and

documents produced on July 29, 2016.  **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016] and [Exhibit # 5, Defendant's Response to Plaintiff's Production Request, 69 pages]**

### a.  The Defendant has Obstructed the Plaintiff's Depositions

The Depositions have not been completed based upon objection by the Defendant.  Although the parties have conferred on the persons to be deposed, the Defendant maintains that the prospective deponents are irrelevant to the case pleaded by the Plaintiff.

The Defendant objects to the Plaintiff's list of prospective deponents on the basis that "the Plaintiff's case is simply a 'failure to promote,'" rather than the fact that the Plaintiff's pleaded Title VII discrimination on the basis of race, color, gender, age for the failure to promote her, in addition to retaliation.  **Ct. Doc. # 36, Amended Complaint.  [Exhibit # 6, Ct Transcript with U.S.D.J Chatigny, dated January 7, 2016 P. 5. L. 9-25, P.6, L. 1-6].**  The entire factual portion of the Plaintiff's Amended Complaint evidences the fact that the Plaintiff brought her complaint on the basis of race, color, age, sex and retaliation.  The Plaintiff also alleged that the Defendant maintained a hostile work environment.  The Plaintiff maintains that the Defendant's intention with respect to completion of the depositions is intended solely to "run out the clock" with respect to discover, which they knew was scheduled to close on September 2, 2016

The Plaintiff's depositions are incomplete because the Defendant has failed to answer the Plaintiff's Interrogatories, and has failed to comply with the Plaintiff's Request for Documents.

To date, the Plaintiff has engaged in two depositions, her own on July 13, 2016 and Teresa Carroll's, Deputy Superintendant of Bridgeport Schools on August 29, 2016.  On July 22, 2016, the Plaintiff served eight deposition notices on the Defendants, by agreement, to Depose, Neil Kavey, the comparator and person who was awarded the position the Plaintiff had applied for in march 2012; Karen Pannozo, an employee of Bridgeport Board of Education who worked in the Human Resources Office at the time Neil Kavey was awarded the position of Director of Athletics, Health, Physical Education; Diane Soars, an African American teacher  who was similarly treated as the Plaintiff by Defendant Bridgeport Board of Education; James Denton, the person who held the position the Plaintiff applied for, and which he was reapplying for in March 2012, along with the Plaintiff; Teresa Carroll, Deputy Superintendant of Bridgeport Schools, and one of the two persons who interviewed the Plaintiff for the position of Director of Athletics,

Health, Physical Education Deputy in March 2012.  Ms. Carroll was also responsible for promulgating rules, policies and customs at Defendant Bridgeport Board of Education. Paul Vallas, Superintendant of Bridgeport Public Schools; Eric Graf, history teacher, who was hired as a principal and later demoted; and Katherine Yeager, Director of Human Resources at the time the Plaintiff was interviewed for the position of Director of Athletics, Health, Physical Education; Ms. Yeager had also informed the Plaintiff and others that "without the requisite certifications for the position, no candidate should even receive an invitation to interview for the position." **[Exhibit # 7, Plaintiff's deposition notices to Defendant, dated July 22, 2016]**

After Ms. John's deposition which was held on June 13, 2016, Plaintiff requested that Defendant Counsel, Daniel Schwartz accept notice on behalf of the deponents. The conversation was not transcribed, and Mr. Schwartz refused to accept any of the notices, except Ms. Carroll, on the basis that none of the other deponents were employed by the Bridgeport Board of Education, while the other deponents were irrelevant with respect to the Plaintiff's suit based on a simple "failure to promote."  In essence, the Defendant has now confined the Plaintiff's case to a failure to promote her to the position of Director of Athletics, Health and Physical Education, absent the fact that the Plaintiff has pleaded discrimination based on race, color, sex, age, retaliation and maintenance of a hostile work environment.  **[Exhibit # 3, Email from Daniel Schwartz, dated July 22, 2016]**

Furthermore, the Defendant's email dated June 22, 2016 claims that the number of notices of depositions sent to the Defendant is outside the number of depositions the Plaintiff indicated she would take.  The fact is that the joint Rule 26(f) Report of Parties Planning Meeting, dated January 19, 2016 indicated that the "Parties intended to take as few as 5 deposition and as many as 7."  **Ct. Doc. 57, P. 6.**  During subsequent conferral with the Defendant's counsels,' the Plaintiff offered to strike one or two of the eight persons to whom notices were produced by the Plaintiff to the Defendant, to be deposed.  To date, Ms. Carroll, is the only deponent or prospective deponents who has been deposed, because of the Defendant's characterization of the Plaintiff's case as simply a "'failure to promote,' thereby rendering the Plaintiff's Title VII claim for race, color, age, sex, retaliation, and hostile work environment irrelevant."  Never mind that fact that the Plaintiff's Amended Complaint is replete with references to discrimination, and the fact that the Court's specifically referencing Littlejohn v. The City of New York, 795 F.3d 297 and Vega v. Hempstead Union Free School District, 801

F.3d 72 that "an inference of discrimination can be raised if the Plaintiff shows that she was qualified for the position and had greater or comparable seniority to the person who was given the position . . . ." **[Exhibit # 6, Ct. Transcript with U.S.D.J Chatigny, dated January 7, 2016 P. 5. L. 9-25, P.6, L. 1-6].**

### b.  The Defendant has Hampered the Plaintiff's Efforts to Complete Discovery

The Defendant has intentionally hampered and frustrated the Plaintiff's discovery by its failure to answer the Plaintiff's Interrogatories and Request for Documents.  Because of the Defendant's intentional conduct, the Plaintiff cannot effectively question the deponents selected by the Plaintiff.

The interrogatories as well as the documents sought are critical to prove the Plaintiff's case that she was discriminated against on the basis of her race, color, age, sex, and she was retaliated against by agents of the Defendant.  The interrogatories seek to establish the fact that Defendant BBE hired Mr. Kavey, who did not possess the requisite qualifications for the position of Director of Athletics, Health and Physical Education.

The Plaintiff testified at her deposition that Mr. Kavey (the Comparator) informed her that he did not possess the requisite state certifications for the position (his only certification was in counseling), while she possessed three of the four state certifications required, including a certification in administration (State code # 092); he was a student counselor, while she had worked as a coach in the school system for almost 40 years; she posses a Masters Degree, while he had not completed his Masters Degree.; and that the Plaintiff had more than a decade of seniority to Mr. Kavey, who had not coached in the school system, nor was he a physical education teacher as the Plaintiff.  In fact, while on direct examination, the Plaintiff testified that "Mr. Kavey informed her that he had taught for 9 years and that he had been a school counselor for 19 years . . . ."  **[Exhibit # 8 Transcript for Plaintiff's Deposition, P 53. L. 15-25, P. 1-3, dated July 13, 2016]**

In other words, Mr. Kavey did not have the 40 years coaching experience the Plaintiff possessed.  The Plaintiff Interrogatories as well as her Document Requested copies of Mr. Kavey's resume at the time of the interview, his valid state certification at the time of the interview, his work related evaluations.

The Interrogatories as well as the documents sought are critical to prove the Plaintiff's case for discrimination.  The Interrogatories seek to establish that at all times, the Plaintiff was more qualified than Mr. Kavey for the position of Director of Athletics, Health and Physical Education.   The documents as well as the interrogatories sought directly pertain to the conduct alleged by the Plaintiff in her Amended Complaint, as well as the fact that she testified that Mr. Kavey  informed her that he did not possess the requisite state certifications for the position.

(ii)    **Compel Depositions.**

The fact is that the Joint Rule 26(f) Report of Parties Planning Meeting filed by the parties provided that " the parties anticipate that the Plaintiff will require approximately five (5) to seven (7) depositions of fact witnesses and that the Defendants would require approximately two (2) to four (4) depositions of fact witnesses." **Ct. Doc. # 57, P. 6. Item # 4**

This discovery dispute raises the general issue of the discriminatory treatment that the Plaintiff was subjected to, as well as other similar African Americans by the Defendant BBE.

The Plaintiff's Motion to Compel implicates the Defendant BBE's specific duty of nondiscrimination and to furnish interrogatory answers containing "such information as is available to the party" pursuant to Rule 33(a), Fed. R. Civ. P., and to provide documents "which are, and were in their possession, custody or control" of the party pursuant to Rule 34(a), Fed. R. Civ. P., and documents pursuant to **Ct. Doc. # 57, P. 6. Item # 4.**

On August 23, 2016, Plaintiff's counsel sent his objections to the Defendant's boilerplate responses, inadequate responses to the Plaintiff's Interrogatories, and their failure to respond to the Plaintiff's Request for Documents on the following basis:  **[Exhibit # 9, Email of Plaintiff's objections to Defendant's responses, as well as Defendant's objections, dated August 23, 2016]**

**Counselors, in Accordance with Rule 37 of the FRCP. This letter is in response to your responses and obligations that Defendants provided to Ms. John interrogatories and request for production that were served on June 11th, 2016 as set forth below, responses to a number of the interrogatories and production request are incomplete or are unresponsive.  Please supplement the Defendants responses to the interrogatories and**

production request by Friday August 26, 2016 or I will be forced to file a motion to compel and a request from sanctions.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

Interrogatory 2….Premature

Your response as (premature) is unresponsive because the Plaintiff asked who you may call for trial. The Plaintiff cannot subpoena witnesses for depositions without knowing who your potential witnesses are or may be.

#3

Your objection is noted but your characterization of Ms. Johns request for Mr. Kavey's employment records and state certifications is unresponsive. Vagueness and ambiguity, imposed burden that defendant should be not be required to inquire, and expenses is compiling Mr. Kavey's certification,  is boilerplate language intended to thwart and frustrate the Plaintiffs request.  Ms. John did not ask for 20 years of Mr. Kavey's certifications and the Defendants cannot determine Ms. John's need on the claim basis that the information she request is outweighed by the burden and expense for the defendants to comply.

#4

Unresponsive… the Defendants improperly claims that they will not provide the information requested, because the Plaintiff already has it in her possession.

#5

Unresponsive…the Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendant's assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and her assertion that this has been on going for years.

#6

Unresponsive… the Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendants assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his assertion that this has been un going for years.

#7

#8

Unresponsive….. Vagueness and ambiguity, imposed burden that defendant should be not be required to inquire, and expenses is compiling Mr. Kavey's certification,  is boilerplate language is intended to thwart and frustrate the Plaintiffs request.  Ms. John did not ask for 20 years of Mr. Kavey's certifications and the Defendants cannot determine Ms. John's need on the claim basis that the information she request is outweighed by the burden and expense for the defendants to comply. The Defendant improperly claims that they will not provide the information requested, because the Plaintiff already has it in her possession.

#9

Unresponsive….. the Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendants assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his assertion that this has been un going for years.  On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to simply the failure to promote.

#10

Unresponsive….…... The Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendants assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his assertion that this has been un going for years.  On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to simply the failure to promote. The Administrative Hierarchy is relevant with respect to potential witnesses that the Plaintiff needs to depose.

#11

Unresponsive…….... Vagueness and ambiguity, imposed burden that defendant should be not be required to inquire, and expenses is compiling Mr. Kavey's certification,  is boilerplate language is intended to thwart and frustrate the Plaintiffs request.  Ms. John did not ask for 20 years of Mr. Kavey's certifications and the Defendants cannot determine Ms. John's need on the claim basis that the information she request is outweighed by the burden and expense for the defendants to comply. the Defendants improperly claims that they will not provide the information requested, because the Plaintiff already has it in her possession. .  On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to simply the failure to promote. The Administrative Hierarchy is relevant with respect to potential witnesses that the Plaintiff needs to depose.

#12

Unresponsive…. The certification possessed by each candidate is necessary to determine their qualification and eligibility to be interviewed for the position at issue. This issue as it pertains to the position or posting from March 2012 has never previously been litigated.

#13

Unresponsive…

#14

Unresponsive…….. the Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendants assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his assertion that this has been un going for years.  On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to simply the failure to promote. IPD directly bares on the Defendants placing the Plaintiff in a positon she did not volunteer for.

#15

Unresponsive…. the Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age discrimination and sex discrimination and she was retaliated against. The Defendants assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his assertion that this has been ongoing for years.  On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to simply the failure to promote. Defendants improperly claims that they will not provide the information requested, because the Plaintiff already has it in her possession.

#16

Unresponsive….. Wholly unresponsive. The Plaintiff has requested his supervisory responsibilities over coaches which goes to the heart of the Plaintiffs assertion that he was unqualified for the position.

#17

Unresponsive…. The Plaintiff request information on white males including Mr. Kavey and the certification they possessed at the time they were hired for the Director of Athletic position.

#18

Unresponsive…. The Plaintiff request information pertaining to Christopher Johnson, Daniel Coleman, and  James Denton. The certification possessed by each candidate is necessary to determine their qualification and eligibility to be interviewed for the position at issue. This issue as it pertains to the position or posting from March 2012 has never previously been litigated.  Additionally, the Plaintiff pleaded that there is a culture and

practice of discrimination that is present at BBE.  This information is therefore necessary
to prove the Plaintiff's claim in this regard.

#19

Unresponsive……. The certification possessed by each candidate is necessary to determine
their qualification and eligibility to be interviewed for the position at issue. This issue as it
pertains to the position or posting from March 2012 has never previously been litigated.
Vagueness and ambiguourity, imposed burden that defendant should be not be required to
inquire, and expenses is compiling Mr. Kavey's certification,  is boilerplate language is
intended to thwart and frustrate the Plaintiffs request.  Ms. John did not ask for 20 years
of Mr. Kavey's certifications and the Defendants cannot determine Ms. John's need on the
claim basis that the information she request is outweighed by the burden and expense for
the defendants to comply. the Defendants improperly claims that they will not provide the
information requested, because the Plaintiff already has it in her possession. .  On January
16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis of race, sex,
age and retaliation to simply the failure to promote. The Administrative Hierarchy is
relevant with respect to potential witnesses that the Plaintiff needs to depose.

#20

Unresponsive…. Vagueness and ambiguity, imposed burden that defendant should be not
be required to inquire, and expenses is compiling Mr. Kavey's certification,  is boilerplate
language is intended to thwart and frustrate the Plaintiffs request.  Ms. John did not ask
for 20 years of Mr. Kavey's certifications and the Defendants cannot determine Ms. John's
need on the claim basis that the information she request is outweighed by the burden and
expense for the defendants to comply. the Defendants improperly claims that they will not
provide the information requested, because the Plaintiff already has it in her possession. .
On January 16, 2016 the court did not reduce the Plaintiffs Title VII complaint on the basis
of race, sex, age and retaliation to simply the failure to promote. The Administrative
Hierarchy is relevant with respect to potential witnesses that the Plaintiff needs to depose.
The Plaintiff pleaded that this is a Title VII action sounding in race discrimination, age
discrimination and sex discrimination and she was retaliated against. The Defendants
assertion that this request is beyond scope flies in the face of the Plaintiff's pleading and his
assertion that this has been ongoing for years.  On January 16, 2016 the court did not
reduce the Plaintiffs Title VII complaint on the basis of race, sex, age and retaliation to
simply the failure to promote. IPD directly bares on the Defendants placing the Plaintiff in
a positon she did not volunteer for.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S PRODUCTION REQUEST

The Defendant, BBE has provided 69 pages of documents, but has failed to indicate or
specify which document is responsive to each request for documents.  In other words, the

Defendant has simply packages 69 pages with its own markings, and supplied them to the Plaintiff:


**Documentary Request #1**

Wholly unresponsive:

Defendant's objection as it should not have to incur the expense of pouring through personnel files . . .of unknown and identified number of employees just to respond to this Request, as the  burden and expense of such a task—and invasion of privacy of the current and/or former employees, given that the Request seeks information that is contained in personnel files would substantially outweigh any benefit, given the nature of the Plaintiff's claims as set forth in the Amended Complaint

It is not for Defendant to determine the benefit of a document to the Plaintiff.  Given the fact that this case if over 2 years old, the Defendant should have anticipated that Mr. Kavey's qualifications would be needed by the Plaintiff given her pleadings.


**Documentary Request #2**

Wholly unresponsive:

Defendant's objection as it should not have to incur the expense of pouring through personnel files . . .of unknown and identified number of employees just to respond to this Request, as the  burden and expense of such a task—and invasion of privacy of the current and/or former employees, given that the Request seeks information that is contained in personnel files—would substantially outweigh any benefit, given the nature of the Plaintiff's claims as set forth in the Amended Complaint

A copy of the letter sent to Mr. Kavey does not address the Plaintiff's request.  It is not for Defendant to determine the benefit of a document to the Plaintiff.  Given the fact that this case if over 2 years old, the Defendant should have anticipated that Mr. Kavey's qualifications would be needed by the Plaintiff given her pleadings.


**Documentary Request #3**

Wholly unresponsive:

Defendant's objection to this request on the basis that it is vague and ambiguous, in that its reference to "valid state certification" is unclear.  Defendant further objects to this request on the basis that the information sought is irrelevant and therefore not reasonably calculated to lead to the discovery of admissible evidence.  The issue before the Court is whether Plaintiff can establish that she was qualified for the position, and that she was not

selected for the Director position on account of discriminatory reasons.  There is no factual or legal basis for a review of the information requested herein by the Court.

Defendant statement that Mr. Kavey held certain certifications does not address the question posed, because the Plaintiff needs to see the actual certifications he held for the position at the time he was hired.


Documentary Request #4

Defendant's objection as it should not have to incur the expense of pouring through personnel files . . .of unknown and identified number of employees just to respond to this Request, as the  burden and expense of such a task—and invasion of privacy of the current and/or former employees, given that the Request seeks information that is contained in personnel files would substantially outweigh any benefit, given the nature of the Plaintiff's claims as set forth in the Amended Complaint

It is not for Defendant to determine the benefit of a document to the Plaintiff.  Given the fact that this case if over 2 years old, the Defendant should have anticipated that Mr. Kavey's qualifications would be needed by the Plaintiff given her pleadings.

A letter that was sent to Mr. Kavey does not respond to the Plaintiff's request.


Documentary Request #5

Wholly unresponsive:

The Defendant's objection to this request on the basis that it seeks information related to claims that were previously litigated by the Plaintiff in her earlier lawsuit against Defendant, and which were decided on the merits and fully6 disposed of at summary judgment.

Additionally, the Plaintiff pleaded that Defendant BBE maintains a work environment that is hostile to African American and her.  The hiring practices of the Defendant are therefore a legitimate issue.

Documentary Request #6

Wholly unresponsive.

The Defendant is required to state with specificity why it does not have a response to this request.


Documentary Request #7

Wholly unresponsive.

This Request demands copies of Mr. Kavey's certifications he possessed at the time he applied for the Director position in March 2012.


Documentary Request #8

Wholly unresponsive.

Mr. kaveys work evaluation is necessary to determine his suitability for the position as against the Plaintiff's suitability for the job.


Documentary Request #9

Wholly unresponsive:

Defendant's objection to this request on the basis that it is vague and ambiguous, in that its reference to "valid state certification" is unclear.  Defendant further objects to this request on the basis that the information sought is irrelevant and therefore not reasonably calculated to lead to the discovery of admissible evidence.  The issue before the Court is whether Plaintiff can establish that she was qualified for the position, and that she was not selected for the Director position on account of discriminatory reasons.  There is no factual or legal basis for a review of the information requested herein by the Court.


The Defendant's objection to this request on the basis that it seeks information related to claims that were previously litigated by the Plaintiff in her earlier lawsuit against Defendant, and which were decided on the merits and fully disposed of at summary judgment.

The plaintiff seeks to show that the culture at BBE has been hostile to her and other African Americans.  Additionally, the Plaintiff needs to see how the position has changed since 2009 to 2012.  Defendant statement that Mr. Coleman's was qualified for the position serves to illustrate BBE's culture, and discriminatory practice.

Additionally, the Plaintiff pleaded that Defendant BBE maintains a work environment that is hostile to African American and her.  The hiring practices of the Defendant are therefore a legitimate issue.


Documentary Request #10

Wholly unresponsive.

The Plaintiff is entitled to know all witnesses and documents BBE intends to use for trial, as permitted by the FRCP.

**Documentary Request #11**

**Wholly unresponsive:**

Defendant's objection to this request on the basis that nit is vague and ambiguous, in that its reference to "valid state certification" is unclear.  Defendant further objects to this request on the basis that the information sought is irrelevant and therefore not reasonably calculated to lead to the discovery of admissible evidence.  The issue before the Court is whether Plaintiff can establish that she was qualified for the position, and that she was not selected for the Director position on account of discriminatory reasons.  There is no factual or legal basis for a review of the information requested herein by the Court.

The Defendant's counsel is engaging in obfuscation in an attempt to frustrate the Plaintiff case on the claimed basis that the information/document sought has no bearing on her case.


**Documentary Request #12**

**Wholly unresponsive:**

Defendant's objection to this request on the basis that nit is vague and ambiguous, in that its reference to "valid state certification" is unclear.  Defendant further objects to this request on the basis that the information sought is irrelevant and therefore not reasonably calculated to lead to the discovery of admissible evidence.  The issue before the Court is whether Plaintiff can establish that she was qualified for the position, and that she was not selected for the Director position on account of discriminatory reasons.  There is no factual or legal basis for a review of the information requested herein by the Court.

The Defendant's objection to this request on the basis that it seeks information related to claims that were previously litigated by the Plaintiff in her earlier lawsuit against Defendant, and which were decided on the merits and fully disposed of at summary judgment.

The plaintiff seeks to show that the culture at BBE has been hostile to her and other African Americans.  Additionally, the Plaintiff needs to see how the position has changed since 2009 to 2012.  Defendant statement that Mr. Coleman's was qualified for the position serves to illustrate BBE's culture, and discriminatory practice.

Additionally, the Plaintiff pleaded that Defendant BBE maintains a work environment that is hostile to African American and her.  The hiring practices of the Defendant are therefore a legitimate issue.  Documents relating to Mr. Denton is necessary to prove the Plaintiff's case.


**Documentary Request #13**

**Wholly unresponsive:**

Defendant's objection to this request on the basis that nit is vague and ambiguous, in that its reference to "valid state certification" is unclear.  Defendant further objects to this request on the basis that the information sought is irrelevant and therefore not reasonably calculated to lead to the discovery of admissible evidence.  The issue before the Court is whether Plaintiff can establish that she was qualified for the position, and that she was not selected for the Director position on account of discriminatory reasons.  There is no factual or legal basis for a review of the information requested herein by the Court.

The Defendant's objection to this request on the basis that it seeks information related to claims that were previously litigated by the Plaintiff in her earlier lawsuit against Defendant, and which were decided on the merits and fully disposed of at summary judgment.

The plaintiff seeks to show that the culture at BBE has been hostile to her and other African Americans.  Additionally, the Plaintiff needs to see how the position has changed since 2009 to 2012.  Defendant statement that Mr. Christopher Johnson's was qualified for the position serves to illustrate BBE's culture, and discriminatory practice, as against the Plaintiff and other African Americans.

Additionally, the Plaintiff pleaded that Defendant BBE maintains a work environment that is hostile to African American and her.  The hiring practices of the Defendant are therefore a legitimate issue.  Documents relating to Mr. Johnson is necessary to prove the Plaintiff's case.

## B.  <u>ARGUMENT</u>

Pursuant to Fed. R. Civ. P. 33(a). parties responding to interrogatories "shall furnish such information as is available to the party." Also. pursuant to Rule 34(a)(1). a party may serve a request to obtain documents "which are in the possession, custody or control of the party upon whom the request is served." A party answering interrogatories or document production requests has the supervening duty to assure that any response or objection is made "to the best of the signer's knowledge, information and belief formed after a reasonable inquiry," pursuant to Fed. R. Civ. P. 26(g).  According to the Advisory Committee Notes to Rule 26(g) (1983), "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. . . .  In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances. Ultimately what is reasonable is a matter for the court to decide on the totality of the circumstances."

A party is required to use reasonable efforts to gather responsive information. Depending upon circumstances, a corporate party has the duty to furnish such information as is known by its subsidiaries or predecessors. Sol S. Turnoff Drug Distributors, Inc. v. N.V. Nederlandsche Combinatie voor Chemische Industrie, 55 F.R.D. 347, 349 (E.D. Pa. 1972), and by its employees, Clark v. General Motors Corp., 20 F. R. Serv. 2d 679, 683 (D. Mass. 1975), and by a related company having documents which are readily available to the party, so as to be in its constructive "control," Camden Iron and Metal Corp. v. Marubeni America Corp., 138 F.R.D. 438, (D.N.J. 1991); see also Gerling Intern. Ins. Co. v. C.I.R., 839 F.2d 131, 140 (3d Cir. 1988). A party otherwise lacking complete knowledge will have the duty to reach out to ascertain the knowledge held by employees including former employees. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1210 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974); In re Folding Carton Antitrust Litigation, 76 F.R.D. 420, 423 (N.D. Ill. 1977); Herbst v. Able, 63 F.R.D. 135 (S.D.N.Y. 1972).

The duty to make reasonable inquiry of former employees attaches where the corporation's knowledge is incomplete. Although it is true that the rules of discovery do not compel a party to do the interrogating party's investigation for him, Olmert v. Nelson, 60 F.R.D. 369, 370 (D.D.C. 1973) [but noting that a corporation must answer discovery based upon not only its "own knowledge" but also available information under its control]; and Spector Freight Systems, Inc. v. Home Indemnity Co., 58 F.R.D. 162, 165 (N.D. Ill. 1973), the rules do expect that the responding party will undertake reasonable investigation for itself, and transmit that knowledge where relevant and non-privileged, so that the requesting party has a reasonable opportunity to obtain further discovery leads and information.

The rules protecting privileged communications and attorney work product do not shield from discovery the facts within a party's knowledge that are transmitted to its attorney. Indeed, Hickman v. Taylor, 329 U.S. 495, 504 (1947) has itself made clear the principle that "[a] party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." The attorney is the conduit of the internal inquiry which assembles the corporate knowledge, but that knowledge is not immunized by its passage through an attorney's briefcase. If the rule were otherwise, a party operating through an attorney would

never have it provide discovery; by leaving the gathering of the party's knowledge to the attorney, the party would preclude discovery of the facts evermore.

A court rejected a party's "general responses, objections, reservations and boilerplate objections to an opposing party's interrogatories, as incomplete." Queensridge Towers, LLC v. Allianz Global Risks US Ins. Co., 2014 U.S. Dist. LEXIS 14167, 2014 WL 496952 (D.Nev. Feb. 4, 2014.

> boilerplate objections do not serve the goals of the Federal
> Rules of Civil Procedure, which are aimed at "secur[ing] the just,
> speedy, and inexpensive determination of every action and
> proceeding." Federal discovery is intended to be a liberal process,
> encouraging the free flow of information between parties. Under
> this framework, federal courts envision ideal discovery as
> relatively collegial, timely, and productive: It would be reasonable
> to expect, in light of all the applicable rules and
> governing precedents, that experienced attorneys, especially those
> who have handled major litigation, would be able to proceed
> through the discovery and pretrial stages with a conciliatory
> attitude and a minimum of obstruction, and that, under the guiding
> hand of the district court, the path to ultimate disposition would be
> a relatively smooth one.

Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 123 (3d Cir. 2009).


"Boilerplate objections may border on a frivolous response to discovery requests in violation of Rule 26(g))." Steed v. EverHome Mortg. Co., 308 F. App'x 364, 371 (11th Cir. 2009). When an attorney signs a discovery response containing boilerplate objections, that attorney has failed to live up to Rule 26(g)'s requirement that attorneys reflect on the legitimacy of any objections they make. Anderson v. Caldwell Cnty. Sheriff's Office, No. 1:09cv423, 2011 WL. Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery objections do not comport with Rule 26(g)(1)'s requirements. FED. R. CIV. P. 26(g)(3). A court may impose sanctions on motion by one of the parties, but may also impose sanctions on its own, without any motion before it. Id.

The ability of courts to impose Rule 26(g) sanctions on their own will likely prove significant in combating the rampant use of boilerplate objections. Jones v. Commander, Kan. Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993). Boilerplate objections are responses to interrogatories, which are governed by Federal Rule of Civil Procedure 33. Like

objections under Rule 26, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Id. at R. 33(b)(4). Boilerplate objections will not do. Instead, the rule is "clear that objections must be specifically justified." FED. R. CIV. P. 33 advisory committee's notes (eff. Dec. 1, 2015), subdiv. (b). Rule 33(b)(5) also requires lawyers to sign objections to interrogatories. This in turn exposes lawyers to the general requirements and attendant sanctions of Rule 26(g) signatures. Id. at R. 26(g)(3); R. 33 advisory committee's notes (eff. Dec. 1, 2015., subdiv. (b) ("These provisions should be read in light of Rule 26(g), authorizing the court to impose sanctions on a party and attorney making an unfounded objection to an interrogatory."). While various courts may impose differing sanctions, the consequences of propounding boilerplate objections in responding to interrogatories can include judges striking or completely disregarding the response. R. 33 advisory committee's notes (eff. Dec. 1, 2015., subdiv. (b)).

In addition to the general requirement of complying with legal requirements and rulings of tribunals, a lawyer is subject to the constraints described in this Topic concerning frivolous litigation [which includes prohibitions against frivolous advocacy and conduct during discovery]. These provisions make it clear that attorneys do not have unfettered licenses to engage in frivolous discovery tactics, even if such tactics arise out of attorneys' desire to zealously advocate for their clients. The Restatement (Third) of the Law Governing Lawyers: Frivolous Advocacy § 110(3).

Defendant's Response to Interrogatory number 2.

The Defendant response that the Plaintiff's request to disclose persons it intends to call at trial as "premature" is unresponsive and is intended to thwart the Plaintiff efforts to obtain critical information for her case. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 3.

The Defendant BBE uses the same boilerplate discovery objection as to almost all of the twenty (20) of the Plaintiff's interrogatories. Defendant BBE objected to the interrogatories on the basis that the Plaintiff's Interrogatories are "vague and ambiguous, they are overbroad, and impose a burden on the Defendant . . . which the Defendant should not be required to incur, or

the expense with compiling. The Defendant also asserts that "the information sought is outweighed by the burden and expense to comply." In this Interrogatory for example the Defendant asserts that the Plaintiff requests 20 years of information with respect to Mr. Kavey. The point here is the Plaintiff testified that "Mr. Kavey informed her that he had worked as teacher for 9 years and 19 years as a school counselor." In light of the Defendant's assertion, even if the Plaintiff had requested 20 years of records, and the Plaintiff did not, the Defendant's inquiry would ostensibly cover two positions over that period of time. The information sought requests the positions held by Mr. Kavey, and the certifications he held relative to that/those positions. The alleged expense and burden asserted by the Defendant is therefore absent, and is only intended to thwart the Plaintiff's efforts to garner the information sought. Additionally, the Defendants has been on notice that this information would needed from the time the Plaintiff filed her original complaint. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 4.

The Defendant's response that the Plaintiff has the information because she testified that Mr. Kevey told her is unresponsive. The Plaintiff is allowed to corroborate her assertions and to test the credibility of witnesses and the authenticity of documents. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 5.

The Plaintiff requests information on whether Mr. Kavey was assigned or volunteered to the IPD program at BBE. The Defendant's response that the inquiry is beyond the scope is wholly unresponsive, on the basis that the Plaintiff was assigned to the program against her consent, when the program was voluntary. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 6.

The Defendant's response that the inquiry is beyond the scope is wholly unresponsive, on the basis that the Plaintiff has brought her suit on the basis of discrimination based on race, color, age, sex, retaliation, and a hostile work environment. The Defendant's assigning the Plaintiff to

the IPD program goes to the discriminatory conduct alleged in the Plaintiff's complaint. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 7.

Plaintiff has no objection that this Interrogatory is more appropriate for her Documentary Request. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 8.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, ambiguity, and that the Plaintiff already has possession. The Plaintiff is allowed to corroborate her assertions and to test the credibility of witnesses and the authenticity of documents. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 9.

The Defendant's response that the inquiry is beyond the scope is wholly unresponsive, on the basis that the Plaintiff has brought her suit on the basis of discrimination based on race, color, age, sex, retaliation, and a hostile work environment. The Defendant's assigning the Plaintiff to the IPD program goes to the discriminatory conduct alleged in the Plaintiff's complaint. The Defendant also resorts to boilerplate response to thwart the Plaintiff's request for information crucial to her case. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 10.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, and ambiguity. The Defendant also characterizes the Plaintiff's case as a simple case of "failure to promote" thereby ignoring the fact that the Plaintiff's case sounds in discrimination on the basis of race, color, sex, age, retaliation, and hostile work environment. The Plaintiff requires knowing of the decision makes with respect to the illegal conduct which served as the basis of the discrimination. The Plaintiff is allowed to corroborate her assertions and to test the credibility of witnesses and the authenticity of

documents. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 11.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, ambiguity, and irrelevance. The fact is that the question of whether or not BBE allowed Mr. Kavey to take possession of the job the Plaintiff applied for, when he lacked the requisite certifications, experience and education bears upon the allegations of the Plaintiff's case-that she was discriminated against on the basis of her race, color, age, sex, retaliation, and that the Defendant BBE maintained and exposed her to a hostile work environment. The Defendants assertions that Mr. Kavey's certification held at the time of his interview for the position at issue, does not answer the question as to whether he possessed the requisite certifications, education, and experience at the time he was interviewed. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 12.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, ambiguity, irrelevance, and the claimed basis that the information sought was the subject of a previous litigation. The fact is that the question of whether or not BBE allowed Mr. Kavey to take possession of the job the Plaintiff applied for, when he lacked the requisite certifications, experience and education bears upon the allegations of the Plaintiff's case-that she was discriminated against on the basis of her race, color, age, sex, retaliation, and that the Defendant BBE maintained and exposed her to a hostile work environment. The Defendants assertions that Mr. Kavey's certification held at the time of his interview for the position at issue, does not answer the question as to whether he possessed the requisite certifications at the time he was interviewed. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 13.

Plaintiff has no objection that this Interrogatory is more appropriate for her Documentary Request. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 14.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of irrelevance, beyond the scope of the suit, and that the Defendant's IPD program has no bearing on the Plaintiff's claims for Defendant's discrimination against on the basis of her race, color, age, sex, retaliation, and that the Defendant BBE maintained and exposed her to a hostile work environment.  **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 15.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis that the information sought is beyond the scope of the Court's ruling from January 7, 2016 that the Plaintiff's case is simply a "failure to promote." The fact is that the question of whether or not BBE allowed Mr. Kavey to take possession of the job the Plaintiff applied for, when he lacked the requisite certifications, experience and education bears upon the allegations of the Plaintiff's case-that she was discriminated against on the basis of her race, color, age, sex, retaliation, and the subsequent damages she suffered.  Additionally, the Defendant's response that the Plaintiff has the information because she testified that Mr. Kevey told her or because she has documents purporting to correspond to the position is unresponsive. The Plaintiff is allowed to corroborate her assertions and to test the credibility of witnesses and the authenticity of documents.  Additionally, the Plaintiff does not work in Human Resources and needs to know the benefits she lost as a result of the discriminatory conduct. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 16.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis that the information sought is overbroad, confusing and is a compound.  The fact is the Plaintiff needs to know the scope of Mr. Kavey's supervisory responsibilities with respect to the position he was awards, and whether he was required to supervise coaches, while lacking the requisite certifications for the position. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 17.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, ambiguity, and was previously litigated.  The question requests information of whether the Defendant had hired any white male who lacked the requisite certification for the position at issue.  The Defendant's answer that Mr. Kavey was hired in 1986 (without stating the position), and in 2012, and that he possessed three certifications-092 administration, 068, school counselor, 044, physical education and that Mr. Kavey had all three certifications must be provided because they bear directly upon the Plaintiff's assertions that Mr. Kavey had only one certification (044), as well as, the fact that the Plaintiff testified that she was told by Mr. Kavey.  **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 18.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis that the information sought was previously litigated. Thereafter, the Defendant provided the race, age, and sex of Mr. Kavey only.  The fact is the Plaintiff pleaded that the Defendant maintained a hostile work environment, and it was ongoing, because she had applied for 11 different positions at BBE since she was 27, with the same results.  The Plaintiff asserted in her pleading that the Defendant has maintained a culture hostile to her, and other similarly situated African Americans.  **[Ct. Doc. 36, Amended Complaint] and [Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 19.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis that the information sought was previously litigated.  The fact is the Plaintiff pleaded that the Defendant maintained a hostile work environment, and it was ongoing, because she had applied for 11 different positions at BBE since she was 27, with the same results.  The Plaintiff asserted in her pleading that the Defendant has maintained a culture hostile to her, and other similarly situated African Americans.  **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

Defendant's Response to Interrogatory number 20.

The Defendant's response is wholly unresponsive, because the Defendant resorts to boilerplate language on the basis of vagueness, ambiguity, beyond the scope and irrelevance having no bearing on the IPD program. The fact is the Plaintiff pleaded that the Defendant maintained a hostile work environment, and it was ongoing, because she had applied for 11 different positions at BBE since she was 27, with the same results. The Plaintiff asserted in her pleading that the Defendant has maintained a culture hostile to her, and other similarly situated African Americans. **[Exhibit # 4, Defendant's answers to Plaintiff's Interrogatories, dated July 29, 2016]**

## C.  DEFENDANT BRIDGEPORT BOARD OF EDUCATION RESORTED WHOLLY TO BOILERPLATE RESPONSE:

In this case, the Defendant has failed to advance any meaningful explanation to its objections.  The fact is the Defendant BBE has failed to meet its burden to show that the discovery sought should not be provided to the Plaintiff.   .

The Defendant has not complied with the Plaintiff's Production Request.  The fact shows that the Defendant merely provided 69 pages of documents, which are labeled with Shipman and Goodwin's internal markings.  At no point has the Defendant itemized the production, or state which document is responsive to each of the individual Production Request from the Plaintiff. Instead, the Defendants merely tossed all 69 pages of the production into on indistinguishable pile.  **[Exhibit # 5, Defendant's Response to Plaintiff's Production Request, 69 pages]**

The Defendant BBE by and through its agents and officials discriminated against the Plaintiff.  Under a Hickman scheme, the rules pertaining to privilege, and attorney work product does not shield from discovery the facts within the Defendant's knowledge that were transmitted to their attorney(s).  As Hickman made clear, "the principle that a party . . . cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of [its] attorney.

Here the Defendant BBE uses its boilerplate responses to each of the Plaintiff's Document Request to thwart the Plaintiff's efforts to garner the information and documents sought, on the basis that **"the information is irrelevant, ambiguous, previously litigated,**

**having no factual or legal basis, information sought causes a burden and expense which outweighs the benefits to the Plaintiff given the nature of the suit, beyond the scope, and that the case is simply a 'failure to promote,'"** not discrimination based on race, sex, color, age, retaliation and hostile work environment, as pleaded by the Plaintiff in her Amended Complaint.  **[Emphasis added]**

Question number three in particular requests Mr. Kavey, the comparator's resume, letter of interest, and certifications.  The Plaintiff asserts that Mr. Kavey's experience, education and certification goes to the heart of her assertion that she was discriminated against by the Defendant.  The Defendant's withholding the documents requested is therefore intended to thwart and frustrate the Plaintiff's efforts at discovery, by her learning the truth about Mr. Kaveys qualifications for the position at issue.  **Please see [Exhibit # 5, Defendant's Response to Plaintiff's Production Request, 69 pages]**

### D.  PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff's motion to compel the Defendant to fully answer her Interrogatories and respond documents responsive to her Production Request should be granted.

For Plaintiff Barbara John


_____/s/_____          Dated:  September 3, 2016
Richard C. Gordon, Esq.,
Law Office of Richard C. Gordon
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533 FAX
Therichard_06002@Yahoo.com .

## CERTIFICATION OF SERVICE

This is to certify that a copy the foregoing will be filed electronically through the Court's Electronic Filing System on September 3, 2016 to the foregoing counsel of record:

To:

Daniel A. Schwartz, Esq
Clarisse N. Thomas, Esq.,
Shipman and Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901-3522
(860) 423-8100
(203) 324-8199
E-mail: cthomas@goodwin.com

For Plaintiff Barbara John

_____/s/_____                              Dated:  September 3, 2016
Richard C. Gordon, Esq.,
 Law Office of Richard C. Gordon
Fed Bar No.: 27288
37 East Raymond Street, 3rd Floor
Hartford, CT 06112
(860) 534-0547
(860) 761-8533 FAX
Therichard_06002@Yahoo.com