```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

BARBARA JOHN,                    :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO.  3:14CV1484(RNC)
                                 :
BRIDGEPORT BOARD OF              :
EDUCATION,                       :
                                 :
     Defendant.                  :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the plaintiff's motion (doc. #77) to compel. The motion is DENIED without prejudice for failure to comply with Local Rule 37.

Discovery "is intended to take place without judicial intervention." Margel v. E.G.L. Gem Lab Ltd., No. 04 CIV. 1514, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008). Both the Federal Rules of Civil Procedure and our Local Rules encourage cooperation among counsel to resolve discovery disputes efficiently without intervention from the court. See, e.g., Valente v. Lincoln Nat. Corp., No. 3:09CV693(MRK), 2010 WL 3522495, at *1 (D. Conn. Sept. 2, 2010) (discovery process "actually works quite well when the attorneys for all the parties, consistent with their dual roles as both advocates for their clients and officers of the Court, are willing to cooperate with one another and act reasonably and in accordance with the Federal Rules of Civil Procedure."); 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2288 (3rd ed. 2010) (Discovery rules designed "to

encourage extrajudicial discovery with a minimum of court intervention.")

Toward that end, Federal Rule of Civil Procedure 37(a) requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The analog to that provision in our Local Rules requires more of the movant:

> No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, an <u>affidavit</u> certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. Loc. R. 37(a)(emphasis added).

"Courts in this District have also stated that the meet-and-confer requirement of our Local Rules and the Federal Rules of Civil Procedure requires the parties to 'meet, in person or by telephone.'" <u>Doe v. Mastoloni</u>, 307 F.R.D. 305, 313 (D. Conn. 2015)(Haight, J.). In other words, an exchange of email barbs will

not suffice.  Counsel must actually communicate in a good faith effort to resolve discovery disputes without the Court's assistance.

The plaintiff's submission does not meet these requirements.  The plaintiff's motion suffers from other deficiencies as well.  It does not, as required, set forth in the memorandum of law the "specific verbatim listing" of each discovery request in dispute, that is, the text of each discovery request in contention; the response and/or objection at issue; and the "reason why the item should be allowed."  See Local Rule 37 (b)(1).

Any new motion shall comply with the requirements of the Federal and Local Civil Rules of Procedure, including those governing formatting and page limitations.  See Local Rule 7(a)(2).

SO ORDERED at Hartford, Connecticut this 12th day of September, 2016.

```
           _____/s/_____
           Donna F. Martinez
           United States Magistrate Judge
```